**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4704**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LUIS  FERNANDEZ  JAUREGUI  MADRIZ,  a/k/a  Jose  Luis  Gonzalez
Gonzalez,

          Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland,  at  Baltimore.   James  K.  Bredar,  District  Judge.
(1:11-cr-00096-JKB-3)

Submitted:  June 17, 2013         Decided:  July 9, 2013

Before TRAXLER, Chief Judge,  and WILKINSON  and  MOTZ,  Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Barbara E. Kittay, Rockville, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Joshua L. Kaul, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Luis Fernandez Jauregui Madriz of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). Madriz appeals, asserting that the district court erred in denying his motion to suppress the cocaine found on his person during a directed traffic stop. We affirm.

I.

Based on calls intercepted during an investigation into a drug organization, federal law enforcement officers had information that on February 6, 2010, Madriz would pick up a quantity of narcotics to deliver to a supplier. On that day, the officers watched Madriz's home and followed him when he and his father left in a car.

At the direction of the federal officers, the Maryland State Police stopped the vehicle on the Baltimore-Washington Parkway. One of the state police officers asked Madriz's father, who was driving, if there was anything illegal in the car, and Madriz's father nodded. Soon thereafter, the state police officers removed Madriz and his father from the vehicle, and a drug-detection canine alerted the police to the presence of narcotics in the vehicle. The officers searched the vehicle

but did not discover any weapons or contraband. A pat down of Madriz and his father had also yielded negative results.

Officer Daniel Peterson subsequently conducted an additional search of Madriz. Officer Peterson testified that he detected a hard bulge near Madriz's groin area, and that Madriz initially denied that he was concealing anything. Officer Peterson testified that he then moved to undo Madriz's belt, at which point Madriz admitted that he had drugs. According to Officer Peterson, he then undid Madriz's pants and removed from Madriz's underwear what turned out to be a 131.1 gram package of cocaine.

Madriz moved to suppress the cocaine, contending that the state police officers performed an unlawful search and seizure. The district court denied the motion. A jury subsequently convicted Madriz of the charged crime. Madriz's sole appellate challenge is to the denial of his motion to suppress.

II.

"We review a district court's factual findings underlying a motion to suppress for clear error, and the court's legal determinations de novo." United States v. Edwards, 666 F.3d 877, 882 (4th Cir. 2011). "When a motion to suppress has been denied, we review the evidence in the light most favorable to the government." Id.

3

A.

On appeal, Madriz first contends that the district court should have suppressed the cocaine because the Maryland State Police lacked authority to conduct the stop at that location on the Baltimore-Washington Parkway, which is within exclusive federal jurisdiction. In rejecting this argument, the district court reasoned that the state police officers acted at the "behest and direction and under the direct and immediate supervision" of federal agents who did have authority, and who had probable cause to believe that Madriz was involved in a drug conspiracy. Tr. of Motions Hr'g 221-22.

Madriz does not contest the district court's finding that the stop was supported by probable cause. And, under the circumstances of this case, the fact that the state police acted in an area of exclusive federal jurisdiction does not render the stop unreasonable. See United States v. Mason, 52 F.3d 1286, 1289 n.5 (4th Cir. 1995) (rejecting argument that drug paraphernalia seized by customs officers technically unauthorized to conduct search had to be suppressed, because the lack of authorization "d[id] not rise to the level of a constitutional violation" under the circumstances); United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985) (refusing to suppress evidence on the basis that customs officer who obtained search warrant may have lacked authority to do so,

4

where authorized officials participated in the investigation and executed the warrant). Thus, the district court did not err in finding that the stop was reasonable.

B.

Madriz next argues that the district court should have suppressed the cocaine because the search of his underwear, which led to the seizure of the cocaine, was unreasonable. Again, we disagree.

To determine whether a search is reasonable, "we examine the search in its complete context and consider the following factors: 1) the place in which the search was conducted; 2) the scope of the particular intrusion; 3) the manner in which the search was conducted; and 4) the justification for initiating the search." Edwards, 666 F.3d at 883.

The place of the search -- along the busy Baltimore-Washington Parkway in the afternoon -- cuts in favor of suppression. "We have repeatedly emphasized the necessity of conducting a strip search in private." Edwards, 666 F.3d at 883 (internal quotation marks omitted).

However, the remaining factors dictate our conclusion that the district court did not err in finding the search reasonable. First, the search was justified. We agree with the district court that the police had probable cause to arrest Madriz for conspiracy to distribute narcotics prior to the second pat down

by Officer Peterson. Tr. of Motions Hr'g 215. Therefore, even though that search preceded Madriz's formal arrest, the search was nonetheless justified as a search incident to his arrest. See Rawlings v. Kentucky, 448 U.S. 98, 111 (1980); United States v. Han, 74 F.3d 537, 541 (4th Cir. 1996) ("A search may be incident to a subsequent arrest if the officers have probable cause to arrest before the search."); United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991).

Further, both the scope and the manner of the search were reasonable. During the pat down, Officer Peterson identified a hard object in Madriz's groin area; Officer Peterson limited the scope of his subsequent search to that area. Officer Peterson first asked Madriz what the object was; not believing Madriz's answer, Officer Peterson moved to unbuckle Madriz's belt, at which point Madriz informed the officer that the object was drugs. Officer Peterson checked the space between Madriz's pants and underwear before briefly pulling out Madriz's underwear and discovering and removing the cocaine. Officer Peterson proceeded cautiously at every step of the search, and at no point did the search threaten Madriz's safety. Compare Edwards, 666 F.3d at 885 (finding a strip search unreasonable because the search "posed a significant and an unnecessary risk of injury" to the defendant). Accordingly, the district court did not err in finding the search reasonable.

6

III.

For the foregoing reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED